David R. Flyer, Bar #100697
Raquel Flyer Dachner, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Plaintiff
BRIAN McMILLAN

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BRIAN McMILLAN,<br><br>           Plaintiff,<br><br>vs.<br><br>DOUG CIRBO, MARK TETTEMER, SCOTT VOIGTS, ROBERT PEQUENO, BENJAMIN YU, DEBRA ROSE, CITY OF LAKE FOREST, and DOES 1 TO 10,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTION BASED ON:**<br><br>**1. CIVIL RIGHTS VIOLATION, 2. LIBEL, AND 2. FOR CANCELLATION OF CITATION**<br>[42 U.S.C. §1983]<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

## EXECUTIVE SUMMARY

1.     Plaintiff BRIAN McMILLAN successfully challenged citations issued under city ordinances requiring a landlord to evict occupants of leased units whom a code enforcement officer suspected of illegal activity or nuisance, see decision in *McMillan v. City of Lake Forest,* Orange County Superior Court Case No. 30-2024-01449358-CL-JR-CJC (February 20, 2025) (the "Lawsuit").  The code enforcement officer who issued citations acted under the direction, with the prior approval, and subsequent ratification of Defendants DOUG CIRBO, MARK TETTEMER, SCOTT VOIGTS, ROBERT PEQUENO, BENJAMIN YU, DEBRA ROSE, and the CITY OF

-1-

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

LAKE FOREST.  Defendants enacted the challenged city ordinances, singled out Plaintiff for compliance with the ordinances, and pursued issuance of citations to him for perceived violations of the ordinances related to a First Tenant "Ocean Pearl." The citations were upheld in a first administrative hearing, but canceled after the above Lawsuit concluded.  Enforcement of the ordinances was calculated to cause Plaintiff to be deprived of the rights, privileges, or immunities secured by the 14th Amendment to the U.S. Constitution and other laws as described in 42 U.S.C. §1983.

2.     Plaintiff operates a business of leasing commercial properties which he owns. He employs a Professional Property Management Company to vet prospective tenants, to contract with responsible tenants, to collect rents, and to review tenant compliance with leases and statutes.

3.     The city ordinances requiring eviction of tenants based on suspicion of illegal activity were never used before, against any landlord within the CITY OF LAKE FOREST, until Defendants used the ordinances against Plaintiff.  Suspicion of illegal activity committed by a tenant as a predicate for filing misdemeanor charges against Plaintiff violated procedural due process based on inadequate notice to him of potential liability, and violated substantive due process because Plaintiff was not provided with sufficient evidence to justify pursuing an unlawful detainer action against any tenant.  Had Plaintiff pursued eviction, he would have been civilly at risk for tenant countersuit due to malicious prosecution and/or abuse of process.  Further, under Defendants' own ordinances, the alleged illegal activity of the First Tenant did NOT relate to any building, housing, fire and health codes, or zoning violations. The alleged illegal activity was not property-related, and therefore, could not have resulted in citations to Plaintiff.

4.     After Plaintiff prevailed in the above Lawsuit, Defendants held a second administrative hearing citing other ordinances against Plaintiff related to a Second Tenant "Lake Forest Beauty Spa."  Defendants doubled down on their misconduct, showing a pattern of misconduct, by upholding their own ordinances, despite the fact

-2-

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

that the ordinances violated Plaintiff's rights of due process, and the citations were not property-related.  Plaintiff seeks damages against Defendants who relied on unconstitutional city ordinances to violate Plaintiff's civil rights. Plaintiff also seeks damages for libel based on circulation of false publications calculated to harm his reputation.  Plaintiff also seeks cancellation of the citations which were approved in the second administrative hearing.  Finally, Plaintiff seeks injunctive relief barring Defendants from authorizing any code enforcement officer to determine the nature of a business for purposes of issuing citations.

## JURISDICTION AND VENUE

5.     This civil action arises under Federal law in 42 U.S.C. §1983, and the 14th Amendment to the U.S. Constitution.

6.     This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §1331.

7.     This Court has personal jurisdiction over Defendants, because each Defendant resides and committed the harmful acts within California, and within the U.S. Central District of California, Southern Division.

8.     Venue properly lies within the U.S. Central District of California, Southern Division pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), and (c), because Defendants are subject to personal jurisdiction in this Judicial District as set forth above, and Plaintiff has been harmed by Defendants' conduct, as described below, in this Judicial District.

## PARTIES

9.     Plaintiff is and at all times was a resident of Orange County, California.

10.    All of the Defendants DOUG CIRBO, MARK TETTEMER, SCOTT VOIGTS, ROBERT PEQUENO, BENJAMIN YU, DEBRA ROSE, and the CITY OF LAKE FOREST, perform governmental functions at 100 Civic Center Dr., Lake Forest, CA 92630.

11.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to

-3-

COMPLAINT

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff will amend this complaint to show such true names and capacities when he has ascertained the same.

12. At all times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the course and scope of such agency and employment, and/or ratified the actions or omissions of each of the other Defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the said Defendants is in some way responsible for the obligations hereinafter alleged.

**FACTUAL BACKGROUND**

13. Plaintiff, through his solely owned business, Lake Forest Marketplace, LLC, owns a Shopping Center in Lake Forest.  He acquired the Shopping Center on March 2, 2023.

14. As the owner of the Shopping Center, Plaintiff holds property interests in collecting rents, in avoiding fines imposed by ordinances, and in being able to use his real estate as security for mortgages in order to expand his real estate portfolio, which are fundamental rights protected by the 14th Amendment to the U.S. Constitution.

15. At the time Plaintiff acquired the Shopping Center, there was a tenant in place "Oasis Relax," who operated a massage establishment at 23803 El Toro Road, Lake Forest, CA within the Shopping Center.

16. "Oasis Relax" was duly licensed to operate a massage establishment by the CITY OF LAKE FOREST.  Its operators were required to sign an acknowledgment, whereby they agreed to obey the provisions of the Lake Forest Municipal Code "LFMC" pertaining to massage establishments.  In addition to the massage establishment license, Oasis Relax also obtained a massage permit for the premises, identified as "Use Permit."  The Use Permit runs with the premises. Plaintiff was never asked to sign nor was he given any acknowledgment pertaining to massage establishments by Defendants.

-4-

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

17. On December 31, 2023, Oasis Relax massage establishment license was not renewed by Defendants. Oasis Relax left the premises. The Use Permit still covered the premises owned by Plaintiff.

18. Plaintiff employs a Professional Property Management Company to vet prospective tenants, to contract with responsible tenants, to collect rents, and to review tenant compliance with leases and local ordinances. The Management Company located a replacement tenant for Oasis Relax.

19. Plaintiff then leased the same premises previously occupied by Oasis Relax to the First Tenant "Ocean Pearl." Ocean Pearl provided facial services, but not massage services. On August 13, 2024, the First Tenant was cited by a code enforcement officer for violation of LFMC §5.07.200 "Operation of massage establishment without a permit," and LFMC §5.07.230(O) "Unlawful conduct." Notably, the code enforcement officer made the determination that the First Tenant should be classified as a massage establishment. The classification was directed by, pre-approved by, and/or ratified by Defendants. On information and belief, Ocean Pearl paid the fines imposed by the citation it received, and continued in its facial services business.

20. On the same date as Ocean Pearl was cited, Defendants cited Plaintiff for the same violations. There was no prior notice of the First Tenant's alleged non-compliance with any city ordinance to Plaintiff. The purpose of notice is to provide an opportunity for cure. No cure period was provided to Plaintiff. Under Defendants' own ordinances, a notice period of five days was required by LFMC §1.16.030 – although, five days is obviously too short a period of time to effectuate any reasonable cure. Further, any violation of the city ordinances also constituted a public nuisance under LFMC §6.14.002(A). LFMC §1.01.210 imposed liability on Plaintiff for "causing, permitting, aiding, abetting, suffering, or concealing," unlawful conduct. The unlawful conduct was classified as a misdemeanor in LFMC §1.01.100, LFMC §1.01.220.C., and LFMC §1.16.010.

-5-

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

21. Defendants directed Plaintiff to evict the First Tenant. Since Plaintiff was not aware of any specific conduct committed by the First Tenant which would justify eviction based on breach of lease terms, Plaintiff requested that Defendants provide information and documents establishing the basis for the citation issued against the First Tenant, and that the information and documents be sworn to by a peace officer. The citation was signed by the code enforcement officer, and was not sworn to by a peace officer. Defendants declined to provide the information and documents to Plaintiff and declined to provide a sworn statement by a peace officer. In the absence of Defendants' information, documents, and sworn statement, Plaintiff had nothing to establish that the First Tenant's use of the leased property constituted a nuisance to substantiate an unlawful detainer action under Code of Civil Procedure §1161(4). Similarly, Plaintiff had no basis for requiring any cure of allegedly bad conduct by the First Tenant due to Defendants' failure to provide substantiating information and documents. Since the alleged illegal activity was not property-related, the only cure available to Plaintiff was eviction of the First Tenant.

22. A first administrative hearing was held by Defendants' agent, a hearing officer. The hearing officer upheld the citations as being valid. Plaintiff appealed the conviction by Defendants' agent. The citation was cancelled in *McMillan v. City of Lake Forest,* Orange County Superior Court Case No. 30-2024-01449358-CL-JR-CJC (February 20, 2025) (the "Lawsuit").

23. At another location within the same Shopping Center, Plaintiff also owns 23785 El Toro Road, Lake Forest, CA. Based on recommendations and vetting by the Professional Property Management Company, Plaintiff leased the property to a Second Tenant "Lake Forest Beauty Spa." The Second Tenant operated a spa, not a massage establishment. Nevertheless, on January 24, 2025, Defendants issued citation to the Second Tenant for violation of LFMC §5.07.200(A) "Operation of massage establishment without a permit," and LFMC §6.14.002(V) "Massage establishment operating without valid zoning approval use permit." Again, notably,

-6-

COMPLAINT

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

the code enforcement officer made the determination that the Second Tenant should be classified as a massage establishment. The classification was directed by, pre-approved by, and/or ratified by Defendants. On the same date as the Second Tenant was cited, Defendants cited Plaintiff for the same violations. There was no prior notice of the Second Tenant's alleged non-compliance with any law to Plaintiff, and no opportunity for a cure period was provided to Plaintiff. Once again, the code violations gave Defendants the power to prosecute the conduct as misdemeanors. On information and belief, Lake Forest Beauty Spa paid the fines imposed by the citation it received, and continued in its spa business.

24. Defendants directed Plaintiff to evict the Second Tenant. Since Plaintiff was not aware of any specific conduct committed by the Second Tenant which would justify eviction based on breach of lease terms, Plaintiff requested that Defendants provide information and documents establishing the basis for the citation issued against the Second Tenant, and that the bad conduct be sworn to by a peace officer. The citation was signed by the code enforcement officer, and not sworn to by a peace officer. Defendants declined to provide the information and documents to Plaintiff, and declined to provide a sworn statement by a peace officer. In the absence of Defendants' information, documents, and sworn statement, Plaintiff had nothing to establish that the Second Tenant's use of the leased property constituted a nuisance to substantiate an unlawful detainer action under Code of Civil Procedure §1161(4), and/or other bad conduct which would require notice to cure. Since the alleged illegal activity was not property-related, the only cure available to Plaintiff was eviction of the Second Tenant.

25. Plaintiff requested a second administrative hearing. The results were the same as at the first administrative hearing – citations were upheld. Since property rights under 42 U.S.C. §1983 are involved, exhaustion of state administrative remedies is not required.

26. On February 18, 2025 by posting at the Lake Forest City Hall, and again

-7-

COMPLAINT

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

on February 20, 2025 in a newspapers of general circulation, prior to a March 6, 2025 hearing of the Lake Forest Planning Commission, Defendants published and circulated remarks and recommendations to Plaintiff's neighbors and other members of the community.  The publications averred that Oasis Relax should lose its Use Permit based on alleged acts of prostitution, which purportedly occurred about four months prior to Plaintiff acquiring the premises, and where Plaintiff was given no notice of the commission of allegedly illegal acts. The publications stated that Defendants were investigating operations of the First Tenant Ocean Pearl at the same location.  The First Tenant was not a massage establishment, it provided facial services, but it was classified as a massage establishment by the code enforcement officer at the direction, with pre-approval by, and/or ratification by Defendants.  The publications also stated that the owner of the First Tenant denied the allegations of operation of a massage establishment or that any other bad conduct had been committed on the premises.  And the publications continued that if the Use Permit were revoked then no massage establishment could be located on the same premises for two years.  The publications transmitted false information in significant part by omitting the true facts that the citations against Ocean Pearl had been canceled in the above Lawsuit, as to Plaintiff, the owner of the premises.  The publications raised the false inference that Plaintiff and his tenants were liable for illegal conduct.

### FIRST CLAIM:  VIOLATION OF CIVIL RIGHTS

#### Against All Defendants

27.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 26 as though fully set forth herein.

28.     Plaintiff at all times held a property interest in the Shopping Center in Lake Forest where he entered into leases to the First Tenant, and the Second Tenant. Plaintiff had the right to receive rents from tenants, the right to avoid fines and liens against the Shopping Center, the right to minimize costs by avoiding pursuit of unlawful detainer actions which were not justifiable, and the right to use his property

-8-

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

as security for mortgages to expand and/or improve his real estate portfolio.

29. Defendants and each of them created and enacted the city ordinances which would cause a commercial landlord to be automatically liable for unlawful conduct of a tenant where the conduct was not related to property. Prior notice of the allegedly bad conduct and opportunity for cure were not available to the landlord under Defendants' ordinances. A period of five days for notice to cure to a landlord was ignored by Defendants in their haste to punish Plaintiff. However, even had they observed the five day cure period, that would have been too short for a landlord to pursue any reasonable cure. The First Tenant operated a facial services business, but the code enforcement officer, as directed by, as pre-approved by, and/or as ratified by Defendants determined that the First Tenant should be classified as a massage establishment. Since the allegedly bad conduct was not property-related, the only possible cure was eviction. Defendants knew or should have known that prior to seeking enforcement of the ordinances against Plaintiff, the ordinances had not been previously used against any other landlord. Defendants singled Plaintiff out for punishment under the ordinances, where the violations could be classified as misdemeanors.

30. Defendants caused Plaintiff to be simultaneously issued a citation for the same violations of city ordinances as the First Tenant had purportedly committed, on the same date. Defendants knew or should have known that enforcement of the city ordinances would deprive Plaintiff of his constitutional due process rights under the 14th Amendment to the U.S. Constitution and 42 U.S.C. §1983.

31. In a first administrative hearing, the citations were upheld by Defendants' agent acting as a hearing officer. The issuance of the citations was cancelled by the Superior Court for the State of California, County of Orange, in *McMillan v. City of Lake Forest,* Orange County Superior Court Case No. 30-2024-01449358-CL-JR-CJC (February 20, 2025).

32. Defendants caused Plaintiff to be cited again for the allegedly unlawful

-9-

acts of the Second Tenant.  In a second administrative hearing, the citations were upheld by Defendants' agent acting as a hearing officer.  Defendants have not sought to recall or cancel the results of the second administrative hearing based on the findings of the Superior Court in the Lawsuit identified above.

33.     Defendants violated 42 U.S.C. §1983 by subjecting Plaintiff to multiple citations under color of city ordinances.  Defendants knew or should have known that the ordinances were invalid for imposing automatic liability against a commercial landlord without notice, and without providing the substantive information, documents, and sworn statement by a peace officer, proving that a tenant had violated the ordinances.  Defendants knew or should have known that they could not demand Plaintiff evict his tenants without providing information and documents establishing the basis for the citation as sworn to by a peace officer.  Since Plaintiff declined to evict either the First Tenant or the Second Tenant, Defendants chose to use the power against him.  Defendants use of power under the city ordinances was misplaced, because by failing to give proper notice to Plaintiff, and by failing to provide substantive safeguards, the ordinances were wrongfully applied to Plaintiff.

34.     The second round of issuance of a citation to Plaintiff demonstrates a pattern of bad conduct.  Defendants act as if they are immune to the laws of the land by repeatedly applying invalid city ordinances to Plaintiff.

35.     Further, by seeking to remove the Use Permit for the premises previously occupied by Oasis Relax and currently occupied by Ocean Pearl, Defendants have relied on the conclusions regarding classification of a business by the code enforcement officer, without substantiation and without being sworn to by a peace officer.  On information and belief, neither Oasis Relax nor Ocean Pearl have been criminally prosecuted; only fines were imposed, the payment of which does not establish that illegal activity actually occurred.

36.     As a proximate result of the use of invalid city ordinances against Plaintiff, Defendants have caused damages to Plaintiff by interference with his

-10-

COMPLAINT

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

property rights. The damages caused by imposition of unjust citations, consist of compromising Plaintiff's ability to obtain futures mortgages from private institutions, and reducing the likelihood that he will qualify for other special licenses including any licenses before the State Board of Alcohol Beverage Control, or other agencies. Further, Defendants have interfered with collection of rents from tenants, and have acted in a fashion calculated to revoke the Use Permit which runs with the premises that Plaintiff owns. The Use Permit is a valuable asset since having it would save application costs for a future tenant. Premises with Use Permit can be leased at a higher rate. Previously, Plaintiff had unblemished record. Now, by Defendants' actions, his credit worthiness and reputation have been unfairly tarnished.

37. To defend himself against unjust charges, Plaintiff has had to retain and pay attorneys. Plaintiff is entitled to recovery of fees and costs pursuant to statute in 42 U.S.C. §1988(b).

38. As a further proximate result of the use of invalid city ordinances to obtain convictions against Plaintiff, Plaintiff has suffered emotional and psychological distress, worry, fear, and grievous concerns. Plaintiff will seek damages according to proof at trial.

39. Damages are an inadequate remedy for Plaintiff, because Defendants' code enforcement officer, can and likely will classify other businesses leasing Plaintiff's premises as massage establishments with the pre-approval, direction, and/or ratification by Defendants, but without substantial justification. There is irreparable and recurring harm, based on arbitrary classification of the nature of businesses as massage establishments by Defendants' code enforcement officer, even though the business had not been identified by the owners as massage establishments. Due to constitutional vagueness and arbitrariness of the classification as massage establishments, a temporary and permanent injunction should issue barring the Defendants' ability to classify any business as a massage establishment without affording a full hearing to Plaintiff and to any accused tenant of Plaintiff.

-11-

COMPLAINT

## SECOND CLAIM:  LIBEL

### Against All Defendants

40.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 39 as though fully set forth herein.

41.    On February 18, 2025 by posting at the Lake Forest City Hall, and again on February 20, 2025 in a newspapers of general circulation, prior to a March 6, 2025 hearing of the Lake Forest Planning Commission, Defendants published and circulated remarks and recommendations to Plaintiff's neighbors and other members of the community.

42.    The publications stated that Oasis Relax should lose its Use Permit based on alleged acts of prostitution, which purportedly occurred about four months prior to Plaintiff acquiring the premises, and where Plaintiff was given no notice of the commission of allegedly illegal acts. The Use Permit runs with the premises, and is a property right belonging to Plaintiff.

43.    The publications stated that Defendants were investigating operations of the First Tenant Ocean Pearl at the same location.  The First Tenant was not a massage establishment, it provided facial services, but it was classified as a massage establishment by the code enforcement officer at the direction, with pre-approval by, and/or ratification by Defendants.  The publications also stated that the owner of the First Tenant denied the allegations of operation of a massage establishment or that any other bad conduct had been committed on the premises.

44.    And the publications continued that if the Use Permit were revoked then no massage establishment could be located on the same premises for two years.  The publications transmitted false information in significant part by omitting the true facts that the citations had been canceled in the above Lawsuit, as to Plaintiff, the owner of the premises.  The publications were libelous against Plaintiff by stating that illegal conduct had been committed at the premises, inferring that the Shopping Center owner was responsible for the illegal conduct, and the property owner was in

-12-

COMPLAINT

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

jeopardy of losing the Use Permit in which he had an interest. Use Permits have value, because once issued, unless revoked, they run with the premises such that a new or replacement tenant would not have to go through the expensive procedure of acquiring Use Permit for a massage establishment. Premises with Use Permits in place garner higher lease rates.

45. As a proximate result of Defendants making libelous publications, Defendants have caused damages to Plaintiff. The damages caused by imposition of unjust citations, consist of compromising Plaintiff's ability to obtain futures mortgages from private institutions, and reducing the likelihood that he will qualify for other special licenses including any licenses before the State Board of Alcohol Beverage Control, or other agencies. Previously, Plaintiff had unblemished record. Now, by Defendants' actions, his credit worthiness and reputation have been unfairly tarnished.

46. As a further proximate result of Defendants' publication of libelous statements against Plaintiff, Plaintiff has suffered emotional and psychological distress, worry, fear, and grievous concerns. Plaintiff will seek damages according to proof at trial.

## THIRD CLAIM: CANCELLATION OF CITATION
### Against Defendants CITY OF LAKE FOREST and DOES 1-2

47. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff seeks cancellation of the citation issued against him based on Defendants' claim that the Second Tenant committed allegedly bad acts. Attribution of the Second Tenant's alleged criminal conduct to Plaintiff without notice and opportunity to cure, amounts to denial of constitutional due process.

Wherefore, Plaintiff prays for:

1. Economic damages of at least $75,000,000.00;

2. General, special and non-economic damages of at least $3,000,000.00;

-13-

COMPLAINT

[C:\ALL FILES\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]

3.    For temporary and permanent injunction barring Defendants' code enforcement officer from classifying any business as a massage establishment without affording Plaintiff and his tenant a full hearing;

4.    For prejudgment interest;

5.    For attorneys fees and costs under 42 U.S.C. §1988(b);

6.    For injunctive relief in cancelling the citations against Plaintiff; and

7.    For such further relief as may be proper.

Respectfully submitted,

FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated: March 5, 2025          By:  ___/s/  David R. Flyer___
David R. Flyer
Raquel Flyer Dachner
Attorneys for
Plaintiff BRIAN McMILLAN

**PLAINTIFF DEMANDS TRIAL BY JURY**

-14-

COMPLAINT

[\\FRONTDESK-WIN10\all files\A2225\Drafts\Complaint-01.FF.xxwpd.wpd]